1       UNITED STATES DISTRICT COURT
2          DISTRICT OF PUERTO RICO

3    ANGELICA DEL VALLE PÉREZ,
4    et al.,
5
6         Plaintiffs,                    Civil No. 06-2184 (JAF)

7         v.

8    POLICE DEPARTMENT OF PUERTO
9    RICO, et al.,
10
11        Defendants.

12                        **OPINION AND ORDER**

13        Plaintiffs Angélica Del Valle Pérez ("Del Valle") and her

14   common-law partner José Padín bring this action against Defendants

15   Police Department of Puerto Rico ("PDPR"), Carlos Merced, Richard

16   Robles, José Vélez Cuba, Ismael Martínez, Melvin Soberal Morales, and

17   unnamed PDPR supervisors, alleging violations of Title VII of the

18   Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-

19   17 (2006), the Constitution of Puerto Rico, and Puerto Rico laws, 29

20   L.P.R.A. §§ 146-51 (2001 & Supp. 2006) ("Law 100"), 29 L.P.R.A.

21   §§ 467-74 (2001), 29 L.P.R.A. §§ 1321-41 (2001), 29 L.P.R.A. §§ 155-

22   155m (2001), and 31 L.P.R.A. § 5141 (1990). Docket Document No. 1-1.

23   Plaintiffs seek injunctive and declaratory relief and damages. Id.

24   Defendants move to dismiss Plaintiffs' complaint pursuant to Federal

25   Rules of Civil Procedure 12(b)(1) and (6). Docket Document No. 13.

26   Plaintiffs oppose. Docket Document No. 18-1.

Civil No. 06-2184 (JAF)                                                      -2-

1                                      I.

2                    **Factual and Procedural Synopsis**

3          We derive the following relevant factual summary from

4     Plaintiffs' complaint.  Docket Document No. 1-1.  As we must, we

5     assume all Plaintiffs' allegations to be true and make all reasonable

6     inferences in their favor.  Alternative Energy, Inc. v. St. Paul Fire

7     & Marine Ins., Co., 267 F.3d 30, 36 (1st Cir. 2001).

8          Plaintiff Del Valle, a resident of Manatí, Puerto Rico, has been

9     employed as a police officer with PDPR since November 2004.

10    Defendants Merced, Robles, Vélez, and Martínez are members of the

11    PDPR with supervisory authority over Del Valle.  Defendant Soberal is

12    a police officer who worked with Del Valle.

13         From November 2004 to February 2005, Soberal made sexually-

14    explicit remarks to Del Valle while they were working together.  Del

15    Valle complained of the conduct to Martínez and Vélez.  However, Del

16    Valle's supervisors ignored her complaints, refused to intervene, and

17    reprimanded her.  Soberal's conduct continued.  In March 2005, Del

18    Valle learned she was pregnant.  In April and May of 2005, Del Valle

19    submitted a total of five medical certificates to Merced requesting

20    accommodations.  Her doctors recommended that she be assigned to a

21    desk duty because there were complications with her pregnancy.  Del

22    Valle's supervisors ignored these requests; they gave her more

23    difficult and strenuous work assignments, ridiculed her, and made

24    negative remarks about her pregnancy.  Del Valle continued to make

1   complaints to Merced and Robles, but they dismissed them and mocked

2   her.  Upon Del Valle's return from maternity leave, Soberal continued

3   to sexually harass her.  Meanwhile, Del Valle's supervisors attempted

4   to convince her to quit her job or continue on sick leave. They

5   assigned her to the same shifts as Soberal and told her that there

6   was no work for her.

7        On December 14, 2005, June 5, 2006, and August 30, 2006, Del

8   Valle filed charges of discrimination against PDPR.[1]  The Equal

9   Employment Opportunity Commission ("EEOC") issued right-to-sue

10  letters on August 31 and September 1, 2006.  Docket Document No. 18-

11  2.

12       On November 27, 2006, Plaintiffs filed the present action.

13  Docket Document No. 1-1.  Defendants filed a motion to dismiss on

14  April 18, 2007, Docket Document No. 12, and amended the motion on

15  April 21, 2007, Docket Document No. 13. Plaintiffs opposed on May 17,

16  2007.  Docket Document No. 18-1.

17                              **II.**

18                           **Standards**

19  **A.   Motion to Dismiss Standard under Rule 12(b)(1)**

20       Under Rule 12(b)(1), a defendant may move to dismiss an action

21  against him for lack of federal subject matter jurisdiction.  See FED.

22  R. CIV. P. 12(b)(1).  Since federal courts are courts of limited

---

[1] Although the complaint does not specify, we assume that all three charges were brought before the EEOC.

Civil No. 06-2184 (JAF)                                              -4-

1    jurisdiction, the party asserting jurisdiction has the burden of

2    demonstrating its existence.  See Skwira v. United States, 344 F.3d

3    64, 71 (1st Cir. 2003) (citing Murphy v. United States, 45 F.3d 520,

4    522 (1st Cir. 1995)).  In assessing a motion to dismiss for lack of

5    subject matter jurisdiction, we "must construe the complaint

6    liberally, treating all well-pleaded facts as true and drawing all

7    reasonable inferences in favor of the plaintiffs." Viqueira v. First

8    Bank, 140 F.3d 12, 16 (1st Cir. 1998) (citing Royal v. Leading Edge

9    Prods., Inc., 833 F.2d 1, 1 (1st Cir. 1987)).  Additionally, we may

10   review any evidence submitted by the parties to resolve factual

11   disputes bearing upon the existence of jurisdiction. Aversa v. United

12   States, 99 F.3d 1200, 1210 (1st Cir. 1996).

13   **B.   Motion to Dismiss Standard under Rule 12(b)(6)**

14        Pursuant to Federal Rule of Civil Procedure 12(b)(6), a

15   defendant may move to dismiss an action against him, based solely on

16   the pleadings, for the plaintiff's "failure to state a claim upon

17   which relief can be granted." FED. R. CIV. P. 12(b)(6).  In assessing

18   a motion to dismiss, "[w]e begin by accepting all well-pleaded facts

19   as true, and we draw all reasonable inferences in favor of the

20   [nonmovant]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962,

21   971 (1st Cir. 1993); see also Coyne v. City of Somerville, 972 F.2d

22   440, 442-43 (1st Cir. 1992).  We then determine whether the plaintiff

23   has stated a claim under which relief can be granted.

Civil No. 06-2184 (JAF)                                              -5-

1        A plaintiff must set forth "a short and plain statement of the

2   claim showing that the pleader is entitled to relief," FED. R. CIV.

3   P. 8(a)(2), and need only give the respondent fair notice of the

4   nature of the claim and petitioner's basis for it.  Swierkiewicz v.

5   Sorema N.A., 534 U.S. 506, 512-15 (2002).  We note that in order to

6   survive a motion to dismiss, a plaintiff must allege facts that

7   demonstrate "a plausible entitlement to relief."  Rodriguez-Ortiz v.

8   Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (citing Bell Atl.

9   Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1967 (2007)).

10                                 **III.**

11                               **Analysis**

12       Defendants move to dismiss Plaintiffs' complaint on the grounds

13   that (1) Plaintiffs failed to exhaust administrative remedies as

14   required by Title VII; (2) Title VII does not provide for personal

15   liability; (3) Defendants are entitled to Eleventh Amendment immunity

16   from Plaintiffs' Puerto Rico claims; (4) Defendants are not liable

17   under Law 100; and (5) we should decline to exercise supplemental

18   jurisdiction over Plaintiffs' Puerto Rico claims.  Docket Document

19   No. 13.  We examine each of these arguments in turn.

20       Defendants assert that Plaintiffs failed to exhaust their

21   administrative remedies prior to bringing the present action.  Docket

22   Document No. 13.  Before filing a Title VII claim in federal court,

23   a claimant must exhaust administrative remedies by making a claim

24   with the EEOC.  Lawton v. State Mut. Life Assurance Co. of Am., 101

Civil No. 06-2184 (JAF)                                                        -6-

1   F.3d 218, 221 (1st Cir. 1996).  Plaintiffs submit two right-to-sue

2   letters from the EEOC, stating that the EEOC was terminating its

3   processing of the charges and that Del Valle had a right to sue in

4   federal or state court.  Id.  These letters clearly show that

5   Plaintiffs exhausted their Title VII administrative remedies by

6   filing charges with the EEOC as required.

7        Defendants assert that Plaintiffs' Title VII claims against

8   Defendants Robles, Merced, Soberal, Vélez, and Martínez must be

9   dismissed because Title VII does not provide for personal liability.

10  Docket Document No. 13.  As Plaintiffs note in their opposition,

11  however, the complaint is clear that Plaintiffs bring their Title VII

12  claims against PDPR only.  See Docket Document Nos. 1-1, 18-1. We,

13  therefore, reject this argument.

14       Defendants next argue that Plaintiffs' claims under Puerto Rico

15  law against PDPR must be dismissed because PDPR is entitled to

16  sovereign immunity from suit pursuant to the Eleventh Amendment to

17  the U.S. Constitution.  Docket Document No. 13.  Under the Eleventh

18  Amendment, "an unconsenting State is immune from suits brought in

19  federal courts by her own citizens as well as by citizens of another

20  State."  Edelman v. Jordan, 415 U.S. 651, 662-63 (1974) (citing

21  cases); see also U.S. Const. amend XI.  The Commonwealth of Puerto

22  Rico is considered a state for purposes of Eleventh Amendment

23  analysis.  Jusino Mercado v. Puerto Rico, 214 F.3d 34, 37 (1st Cir.

24  2000); Ursulich v. P.R. Nat'l Guard, 384 F. Supp. 736, 737 (D.P.R.

1    1974). Eleventh Amendment immunity extends to state agencies,

2    including PDPR, that function as "arms of the Commonwealth," Rivera

3    v. Medina, 963 F. Supp. 78, 82 (1997), as well as to Puerto Rico

4    officials sued in their official capacities "where recovery will come

5    from the public fisc," Culebras Ent. Corp. v. Rivera Rios, 813 F.2d

6    506, 516 (1st Cir. 1987) (citing Kentucky v. Graham, 473 U.S. 159,

7    165-66 (1985)). Finally, while the Eleventh Amendment permits suits

8    for injunctive relief under federal law, it does not permit

9    injunctive relief against state officials for violations of state

10   law. Diaz-Fonseca v. Puerto Rico, 451 F.3d 13, 43 (1st Cir. 2006)

11   (citing Ex Parte Young, 209 U.S. 123 (1908)).

12        The Eleventh Amendment, thus, bars all of Plaintiffs' Puerto

13   Rico claims against PDPR, see Rivera, 963 F. Supp. at 82, and against

14   the individually-named Defendants insofar as Plaintiffs name them in

15   their official capacities, see, e.g., Diaz-Fonseca, 451 F.3d at 43.

16   Plaintiffs' Puerto Rico claims remain only against the individual

17   Defendants in their personal capacities. See Graham, 473 U.S. at

18   165-66.

19        Defendants assert that Plaintiffs' Law 100 claims must be

20   dismissed because the statute does not apply to government entities.

21   Docket Document No. 13 (citing 29 L.P.R.A. § 146-51). Puerto Rico's

22   Law 100 prohibits employers from taking discriminatory employment

23   action based on sex. 29 L.P.R.A. § 146. The law defines "employer"

24   as "any natural or artificial person employing laborers, workers or

Civil No. 06-2184 (JAF)                                                -8-

1    employees  .  .  .  .    It  shall  include  all  such  agencies  or

2    instrumentalities  of  the  Government  of  Puerto  Rico  as  may  be

3    operating as private businesses or enterprises." Law 100, therefore,

4    protects employees in the private sector and employees of government

5    entities  that  operate  as  private  businesses.    Rodriguez Cruz v.

6    Padilla Ayala, 125 D.P.R. 486, 508 (1990); see also Marin-Piazza v.

7    Aponte-Roque, 873 F.2d 432, 436 (1st Cir. 1989).   Because PDPR does

8    not function as a business or private entity, Law 100 does not apply

9    to it.   Hernandez Payero v. Puerto Rico, 338 F. Supp. 2d 279, 282

10   (D.P.R. 2004). Accordingly, we dismiss Plaintiffs' Law 100 claim.

11       Finally, Defendants ask that we decline to exercise supplemental

12   jurisdiction over Plaintiffs' Puerto Rico claims.   Docket Document

13   No. 13.  Because we have not dismissed Plaintiffs' federal Title VII

14   claims,  we  choose  to  exercise  supplemental  jurisdiction  over

15   Plaintiffs'  Puerto  Rico  claims.    See, e.g.,  Rodriguez v. Doral

16   Mortgage Corp., 57 F.3d 1168, 1176 (1st Cir. 1995).

17                                **IV.**

18                            **Conclusion**

19       For the reasons stated herein, we **GRANT** Defendants' motion to

20   dismiss **IN PART** and **DENY** it **IN PART**, Docket Document No. 13. We

21   **DISMISS** Plaintiffs' Puerto Rico claims against Defendant PDPR and

22   against Defendants Merced, Robles, Vélez, Martínez, and Soberal in

23   their official capacities and Plaintiffs' Law 100 claims against all

Civil No. 06-2184 (JAF)                                               -9-

1    Defendants **WITH PREJUDICE**. Plaintiffs' Title VII claims against

2    Defendant PDPR and Plaintiffs' Puerto Rico claims under 29 L.P.R.A.

3    §§ 467-74, 29 L.P.R.A. §§ 1321-41, 29 L.P.R.A. §§ 155-155m, and 31

4    L.P.R.A. § 5141 against Defendants Merced, Robles, Vélez, Martínez,

5    and Soberal in their personal capacities remain.

6            **IT IS SO ORDERED.**

7            San Juan, Puerto Rico, this 11th day of February, 2008.

8                                    s/José Antonio Fusté
9                                    JOSE ANTONIO FUSTE
10                                   Chief U. S. District Judge

11