```
                      UNITED STATES DISTRICT COURT
                         DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| ANGELICA DEL VALLE PÉREZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>POLICE DEPARTMENT OF PUERTO RICO, et al.,<br><br>    Defendants. | Civil No. 06-2184 (JAF) |

**<u>OPINION AND ORDER</u>**

Plaintiffs Angélica Del Valle Pérez ("Del Valle") and her common-law partner José Padín bring this action against Defendants Police Department of Puerto Rico ("PDPR"), Carlos Merced, Richard Robles, José Vélez Cuba ("Vélez"), Ismael Martínez, Melvin Soberal Morales ("Soberal"), and unnamed PDPR supervisors, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, the Constitution of Puerto Rico, and Puerto Rico laws, 29 L.P.R.A. §§ 146-51 (2001 & Supp. 2006), 29 L.P.R.A. §§ 467-74 (2001), 29 L.P.R.A. §§ 1321-41 (2001), 29 L.P.R.A. §§ 155-155m (2001), and 31 L.P.R.A. § 5141 (1990). <u>Docket No. 1</u>. Plaintiffs seek injunctive and declaratory relief and damages for sexual harassment, pregnancy discrimination, and retaliation. <u>Id.</u> Defendants move for summary judgment, <u>Docket No. 43</u>, and Plaintiffs oppose, <u>Docket No. 54</u>. Defendants have also filed a supplemental motion for summary judgment, <u>Docket No. 63</u>, which

Plaintiffs move to strike, Docket No. 65. Also before us is Plaintiffs' response to our Show Cause Order of January 26, 2009, Docket No. 75. Docket No. 76.

**I.**

**Factual and Procedural Synopsis**

We derive the following factual summary from the parties' motions, statements of material facts, and exhibits. Docket Nos. 43, 44, 54, 55, 63, 64, 65, 67, 76, 79.

Plaintiff Del Valle, a resident of Manatí, Puerto Rico, has been employed as a police officer with PDPR since November 2004. Defendants Merced, Robles, Vélez, and Martínez are members of the PDPR with supervisory authority over Del Valle. Defendant Soberal is a police officer who worked with Del Valle.

Plaintiffs allege that, shortly after beginning work at the PDPR, Del Valle began to experience harassment from her co-worker Soberal and later from her supervisors. Plaintiffs submit evidence of the following facts; it is not clear to what extent these facts are contested by Defendants: In January 2005, on Del Valle's first investigative assignment, while she was alone in a police vehicle with Soberal, Soberal began discussing his sexual activities with his wife. He informed Del Valle that he was very sexually open, and stated that he liked using a vibrator on his wife so that he could please her first. Del Valle reported this incident to Martínez, who told her that he would discuss the incident with Soberal. A few days

Civil No. 06-2184 (JAF)                                                    -3-

later, Vélez called Del Valle at night to admonish her for "refusing to work with" Soberal. On another instance, in February 2005, Soberal approached Del Valle in a hallway at PRPD and asked her, in front of Martínez, to wear a short skirt sometimes so that he could throw a quarter down and look at her. Following this incident, Del Valle was so offended she had to run to the restroom to compose herself.

Shortly thereafter, Del Valle met with Vélez to explain her unwillingness to work with Soberal, but Vélez stated that he was not interested in hearing her complaint and that Martínez was responsible for preparing a report on the issue. Del Valle met with Soberal and Martínez later the same day to discuss the situation. At that meeting, Soberal stated that he "kn[ew] a lot of attorneys and Assistant District Attorneys." Del Valle requested that she and Soberal not be required to interact with each other at work. After the meeting, Del Valle was no longer assigned to work with Soberal; however, they remained on the same shifts at PRPD.

Del Valle states that prior to these incidents she had a good working relationship with Merced, another supervisor. Merced was on vacation during the incidents, but was informed of the situation upon his return. Del Valle states that following this, Merced's conduct toward Del Valle became hostile.

In March 2005, Del Valle learned that she was pregnant. Later that month, Del Valle sought an accommodation from Merced for her pregnancy, but Merced refused. Over the next two months, Del Valle

experienced complications with the pregnancy and submitted a total of five medical certificates to Merced requesting accommodations. Merced repeatedly insisted he had no work for pregnant women and offered no accommodation. In late May 2005, Merced informed Del Valle that he would have to transfer her to Arecibo, although Del Valle alleges that other pregnant women had been accommodated with work in the Bayamón office. Around the same time, Merced brought up Del Valle's complaints of sexual harassment, and told her that there was no harassment, that he didn't know what to do with her, and that her transfer might not be accepted due to the allegations she had made.

Merced then arranged a meeting with Robles, a high-ranking PDPR inspector. At the meeting, Del Valle presented Robles with a memorandum detailing the harassment she had experienced to that point, but Robles chastised her for doing so.

Del Valle was transferred to Arecibo on June 1, 2005. She alleges that the harassment nevertheless continued, as Merced filed false administrative complaints against her.

During this time period Del Valle experienced high blood pressure and other medical complications with her pregnancy. She gave birth to her daughter one month early on November 16, 2005. Plaintiffs filed a charge of discrimination with the EEOC on December 14, 2005. Docket No. 76-2.

Del Valle returned to work from maternity leave around January or February 2006. At this time, she inquired and discovered that no

Civil No. 06-2184 (JAF)                                               -5-

action had been taken on her internal harassment complaint. Del Valle also states that Merced continued to harass her by treating her in a hostile manner and filing false charges against her.  For example, in May 2006, Merced issued an "absent employee report" against Del Valle after she had sought vacation leave to take her daughter to the pediatrician. As a result, Del Valle states she continued to experience emotional anguish, as well as physical symptoms, such as high blood pressure.

During this time period, Merced attempted to influence América Ortiz García ("Ortiz"), the officer assigned to investigate Del Valle's harassment complaints. He also filed a grievance against Ortiz, falsely alleging that she was biased against him, which resulted in her removal from the case. Del Valle states that to date, no action has been taken on her internal harassment complaints.

On June 5, 2006, and August 30, 2006, Del Valle filed additional charges of discrimination with the EEOC. Docket Nos. 76-3, 76-4. The EEOC issued right-to-sue letters on August 31 and September 1, 2006. Docket No. 18-2.

On November 27, 2006, Plaintiffs filed the present action. Docket No. 1. Defendants moved for summary judgment on September 15, 2008, Docket No. 43, and Plaintiffs opposed on October 8, 2008, Docket No. 54. Defendants filed a supplemental motion for summary judgment on October 23, 2008. Docket No. 63. On October 24, 2008, Plaintiffs moved to strike the supplemental motion, Docket No. 65,

and on October 29, 2008, Defendants opposed, Docket No. 66. On January 26, 2009, we ordered Plaintiffs to show cause as to why we should not dismiss their Title VII claims for failure to exhaust remedies. Docket No. 75. Plaintiffs responded to our order on February 12, 2009. Docket No. 76.

## II.

### Summary Judgment Standard under Rule 56(c)

We grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is "genuine" if it could be resolved in favor of either party, and "material" if it potentially affects the outcome of the case. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

The moving party carries the burden of establishing that there is no genuine issue as to any material fact; however, the burden "may be discharged by showing that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 331 (1986). The burden has two components: (1) an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and (2) an ultimate burden of persuasion, which always remains on the moving party. Id. at 331.

In evaluating a motion for summary judgment, we must view the record in the light most favorable to the non-moving party. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970). However, the non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

### III.

### Analysis

**A.    Order to Show Cause**

We ordered Plaintiffs to show cause as to why we should not dismiss their Title VII sex discrimination claims due to their failure to exhaust remedies by filing a charge with the EEOC. <u>Docket No. 75</u>. It appeared from the record that Plaintiffs had only filed an EEOC charge of retaliation. See <u>Docket No. 55-12</u>. Plaintiffs responded by submitting a total of three charges filed with the EEOC, which allege sex discrimination - including sexual harassment and pregnancy discrimination - and retaliation. <u>Docket Nos. 76-2, 76-3, 76-4</u>. Plaintiffs have, thus, satisfied us that they exhausted their remedies as to these claims.[1]

---

[1] Defendants, in their supplemental motion for summary judgment, argue that we lack subject matter jurisdiction over Plaintiffs' sex discrimination claims because Plaintiffs filed only a charge of retaliation with the EEOC. <u>Docket No. 63</u>. Plaintiffs' submission of their two additional EEOC charges renders this argument moot. <u>See Docket Nos. 76-3, 76-4</u>.

Civil No. 06-2184 (JAF)                                                -8-

We also ordered Plaintiffs to show cause as to why we should not dismiss their Title VII retaliation claim for failure to file a charge within 180 days. Docket No. 75 (citing 42 U.S.C. § 2000e-5(e)(1) and 29 C.F.R. § 1601 & n.5). The English portions of the then-untranslated Spanish EEOC charge Plaintiffs had filed indicated that the retaliation ended more than 180 days before the filing date. See Docket No. 55-12. Plaintiffs have now submitted an official English translation of that charge, as well as the two additional charges. Docket Nos. 76-2, 76-3, 76-4. The allegations in the charging documents, along with the evidence in the summary judgment record, suggest that Plaintiff may have been subject to a continuing pattern of discriminatory acts beginning in January 2005 and continuing up to or beyond the filing of her last EEOC charge on August 30, 2006. See Docket Nos. 55, 76. Because at least some of these acts fall within 180 days of the filing of the charges, they would, if proven at trial, serve to anchor the remaining acts of discrimination. See, e.g., DeNovellis v. Shalala, 124 F.3d 298, 307-08 (1st Cir. 1997) (explaining that where a series of discriminatory acts occurs, each constituting a separate Title VII violation, at least one actionable violation must occur within the relevant time period). We, therefore, find that Plaintiffs' EEOC charges were timely filed.

**B.    Motion for Summary Judgment**

Defendants move for summary judgment on the grounds that (1) there is insufficient evidence to support a claim for sexual harassment under Title VII, (2) there is insufficient evidence to establish a claim for retaliation under Title VII, and (3) Plaintiffs' tort claims are time-barred. Docket No. 43.

**1.    Sexual Harassment**

Del Valle alleges she was the victim of sexual harassment in the form of a hostile work environment at PRPD. Docket No. 1. Defendants argue that (1) the evidence in the record does not contain facts severe or pervasive enough to constitute sexual harassment, and (2) there is no basis for employer liability. Docket No. 43.

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2. "[S]exual harassment is a 'form of [sex] discrimination prohibited by Title VII.'" O'Rourke v. City of Providence, 235 F.3d 713, 728 (1st Cir. 2001) (quoting Provencher v. CVS Pharmacy, 145 F.3d 5, 13 (1st Cir. 1998)).

To establish a sexual harassment hostile work environment claim under Title VII, a plaintiff must demonstrate that (1) she is a member of a protected class; (2) she experienced unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment

was sufficiently severe or pervasive so as to alter the conditions of her employment and create an abusive work environment; (5) the conduct was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and the victim in fact perceived it to be so; and (6) some basis for employer liability exists. O'Rourke, 235 F.3d at 728 (citing Faragher v. City of Boca Raton, 524 U.S. 774, 787-88 (1998)).

In our analysis, we look to the totality of the circumstances, including but not limited to: the frequency and severity of the discriminatory conduct; "whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Billings v. Town of Grafton, 515 F.3d 39, 48 (1st Cir. 2008) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993)) (internal quotation marks omitted). The summary judgment standard "polic[es] the baseline for hostile environment claims." Id. at 50 (quoting Pomales v. Celulares Telefonica, Inc., 447 F.3d 79, 83 (1st Cir. 2006)) (internal quotation marks omitted). However, whether a hostile work environment exists is generally to be determined by the finder of fact. Id. at 47 n.7, 50.

In the present case, Plaintiffs submit evidence that on Del Valle's first investigative assignment, while she was alone in a police vehicle with Soberal, Soberal began explicitly discussing his sexual activities with his wife. Docket No. 55. Del Valle reported

this incident to Martínez, who told her that he would discuss the incident with Soberal. Id. On another occasion, Soberal approached Del Valle in a hallway at PRPD and asked her, in front of Martínez, to wear a short skirt sometimes so that he could throw a quarter down and look at her, suggesting that he wanted to look at her genitals or underwear. Id. Shortly thereafter, also in front of Martínez, Soberal threatened Del Valle by stating that he "kn[ew] a lot of attorneys and Assistant District Attorneys." Id. After the meeting, Del Valle was no longer assigned to work with Soberal; however, they remained on the same shifts at PRPD despite Del Valle's request that they not be required to interact with each other. Id.

It is unclear from their filings whether Defendants contest these facts. Nonetheless, drawing all reasonable inferences in Plaintiffs' favor, we find that there remains a triable issue for the jury as to whether this conduct was severe or pervasive to constitute a hostile work environment. Soberal subjected Del Valle to harassing comments on at least three occasions. Two of these were explicit and offensive sexual remarks, and the third was a threat. The remarks made in front of her supervisor could be considered humiliating. Del Valle indicates, further, that these remarks and her supervisors' failure to correct the situation interfered with her ability to do her job as a police officer by causing her emotional anguish with physical manifestations. Finally, we note that such remarks in the context of a police force, a historically male-dominated field, could

be considered by a factfinder to be especially threatening or offensive as compared with the same remarks made in other circumstances. Cf. O'Rourke, 235 F.3d at 735 ("We do not believe that a woman who chooses to work in the male-dominated trades relinquishes her right to be free from sexual harassment . . . ." (quoting Williams v. Gen. Motors Corp., 187 F.3d 553, 563-64 (6th Cir. 1999) (internal quotation marks omitted)). Although we recognize that these facts may constitute a borderline case of sexual harassment, we do not find that they fall below the summary judgment baseline set by this circuit's hostile work environment case law. See Billings, 515 F.3d at 48-52 (limning the boundaries of what conduct "a reasonable jury could have found . . . sufficiently severe or pervasive to constitute a hostile environment as a matter of law" and citing cases).

Defendants argue, however, that even if Del Valle suffered sexual harassment, Plaintiffs cannot demonstrate that PRPD should be held liable for Soberal's actions.[2] Docket No. 43. An employer can only be held liable for an employee's harassment by a co-worker where

---

[2] Specifically, Defendants argue that PRPD is entitled to an affirmative defense to its liability based on Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998) and Faragher, 524 U.S. 775. Docket No. 43. Defendants' reliance on the Faragher/Ellerth defense is misplaced, however, as the doctrine provides only a defense to an employer's vicarious liability "for hostile work environments created by supervisors." Noviello v. City of Boston, 398 F.3d 76, 95 (1st Cir. 2005). It is uncontested that Soberal is a co-worker, and not a supervisor, of Del Valle.

there exists "some negligence on the employer's part." Noviello, 398 F.3d at 95. "Typically, this involves a showing that the employer knew or should have known about the harassment, yet failed to take prompt action to stop it." Id. (citing Crowley v. L.L. Bean, Inc., 303 F.3d 387, 401 (1st Cir. 2002)).

Plaintiffs allege that Del Valle complained of Soberal's conduct to her supervisors Martínez, Merced, Vélez, and Robles at various times. Docket No. 55. On one occasion, Del Valle says Vélez called her at night to admonish her for "refusing to work with" Soberal. Id. Plaintiffs further state that Martínez witnessed some of the harassment. Although Martínez stated he would speak to Soberal, the harassment continued. While Soberal was no longer assigned to work directly with Del Valle, they continued to work on the same shifts and encounter each other at the station, despite Del Valle's request that this not occur. Finally, Del Valle proffers evidence that although she sought assistance through the established channels for complaints of sexual harassment at the PRPD, no action was taken on her complaint. Plaintiffs have, thus, introduced sufficient evidence to generate a genuine issue of material fact as to whether PRPD was on notice of the harassment and failed to take appropriate corrective action. See Noviello, 398 F.3d at 96-97. Summary judgment is, therefore, inappropriate on the sexual harassment claim.

### 2. Retaliation

Plaintiffs allege that Del Valle's supervisors subjected her to continued retaliatory acts and a hostile work environment for her complaints of the alleged sexual harassment. Docket No. 1. Defendants assert that we should dismiss Plaintiffs' retaliation claim. Docket No. 43. Defendants, however, fail to state any legal basis on which they are entitled to summary judgment on this claim, arguing only that (1) although Plaintiffs assert that Merced refused Del Valle an accommodation for her pregnancy, she in fact received an appropriate accommodation, and (2) contrary to Plaintiffs' assertion, Soberal and Merced are not friends; therefore, this cannot be a reason why Merced would retaliate against Del Valle. Id. As Plaintiffs note, these facts are, by definition, contested. See Docket Nos. 54, 55. Furthermore, Plaintiffs have proffered evidence on significantly more than these two facts in support of their claim for retaliation. See id. Defendants have wholly failed to demonstrate that no genuine issues exist as to the material facts of this claim.

### 3. Statute of Limitations for Tort Claims

Finally, Defendants argue that Plaintiffs' tort claims are barred by a one-year statute of limitations. Docket No. 43. Defendants assert that the claims accrued when Del Valle's harassment began, between January and March 2005. Id. Plaintiffs do not contest this formulation of the accrual date, but argue instead that their

tort claims were tolled by the filing of the charges before the EEOC. Docket No. 54.

The Puerto Rico statute of limitations for tort actions is one year. 31 L.P.R.A. § 5298(2) (1990); Tokyo Marine & Fire Ins. Co. v. Pérez & Cía. de P.R., Inc., 142 F.3d 1, 3-4 (1st Cir. 1998). The statute of limitations begins to run when the aggrieved party has knowledge of the injury sufficient to institute an action. Sánchez v. Autoridad de Energía Eléctrica, 142 D.P.R. 880, 1997 P.R. Eng. 878520 (1997). The filing of a charge with an administrative agency, such as the EEOC, does not toll the running of the statute of limitations for a tort action. Leon-Nogueras v. Univ. of P.R., 964 F.Supp. 585, 588 (D.P.R. 1997) (citing Cintrón v. E.L.A., 127 D.P.R. 582, 595-96 (1990)).

Plaintiffs filed the present suit on November 27, 2006. Docket No. 1. Therefore, any cause of action that accrued prior to November 27, 2005 is barred by the statute of limitations. See 31 L.P.R.A. § 5298(2). Plaintiffs have introduced evidence of a series of harassing acts committed by Defendants which began in January 2005 and continued through at least May 2006 or later. See Docket No. 55. Plaintiffs had knowledge of their injury at the time of the harassment; therefore, their cause of action accrued at the time the harassing acts occurred. Thus, Plaintiffs may pursue damages only for conduct by Defendants that took place on or after November 27, 2005.

Any claim for damages arising from events that took place prior to that date is time-barred.

**IV.**

**Conclusion**

For the reasons stated herein, we **GRANT** Defendants' motion for summary judgment **IN PART** and **DENY** it **IN PART**, Docket No. 43. We **GRANT** summary judgment for Defendants on Plaintiffs' tort claims arising from conduct before November 27, 2005, and **DENY** the remainder of Defendants' motion. Remaining are Plaintiffs' Title VII claims for sexual harassment, pregnancy discrimination,[3] and retaliation; their 31 L.P.R.A. § 5141 tort claims arising on or after November 27, 2005; and those under 29 L.P.R.A. §§ 467-74, 29 L.P.R.A. §§ 1321-41, 29 L.P.R.A. §§ 155-155m. We also **DENY** Defendants' supplemental motion for summary judgment, Docket No. 63, and Plaintiffs' motion to strike, Docket No. 65, as **MOOT**.

The parties are encouraged to exhaust all settlement possibilities before the trial commences next Monday, February 23, 2009.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 20th day of February, 2009.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge

---

[3] Defendants have not challenged Plaintiffs' pregnancy discrimination claim.